## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: __1:17-cv-2038_____

DAVID SLAUGHTER, on behalf of himself
and all others similarly situated,

                     Plaintiff,

v.

Sykes Enterprises, Inc. d/b/a Sykes Home
Powered by Alpine Access,

                     Defendant.

---

## COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND

---

Plaintiff David Slaughter ("Plaintiff"), individually and on behalf of all others similarly situated, upon personal knowledge as to himself, and upon information and belief as to other matters, by his attorneys at Lowrey Parady, LLC, Outten & Golden LLP, and Shavitz Law Group, P.A., alleges as follows:

### NATURE OF THE ACTION

1.     This lawsuit seeks to recover overtime compensation for Plaintiff and similarly situated Team Leaders ("TLs") who work or have worked for Defendant Sykes Enterprises, Inc. d/b/a Sykes Home Powered by Alpine Access ("Sykes") nationwide, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), and who worked in Colorado pursuant to Federal Rule of Civil Procedure 23, to remedy violations of C.R.S. 8-4-101 *et seq*. and Colorado Wage Order No. 29, 7 C.C.R. 1103-1 *et seq*. (collectively, "Colorado Wage Laws").

2.     Sykes was founded in 1977 and provides comprehensive customer contact management services to Global 2000 companies in the communications, financial services,

healthcare, technology, transportation, and retail industries.   Sykes has expanded its global presence

and services through several acquisitions.  In 2012, Sykes acquired Alpine Access, Inc., which

allowed Sykes to differentiate its organization by integrating home-based agents.  Following its

acquisition of Alpine Access, Inc., through approximately September 2016, Sykes did business as

Sykes Home Powered by Alpine Access.  In 2015, Sykes acquired Qelp, expanding its service

portfolio to provide digital self-service customer support.  Sykes later moved deeper into digital

marketing by acquiring Clearlink.

3.      Sykes operates across 20 countries in 67 customer contact management centers

throughout the Americas, Africa, Asia, Australia, and Europe.  Additionally, Sykes employs

approximately 7,500 at-home customer contact agents across the United States and Canada.

4.      Sykes's customer contact teams are comprised of Account Managers ("AMs") and

Senior Team Leaders ("STLs") who closely supervise TLs, Assistant Team Leaders ("ATLs"), and

agents.

5.      TLs' primary value to Sykes is payroll costs-savings.  Sykes requires TLs to work

long hours in order to displace the work of non-exempt ATLs, who perform similar duties.

Specifically, like non-exempt ATLs, TLs spend the majority of their time performing routine

inspections of agents' calls to track quality-control metrics using standardized forms provided by

Sykes; running routine reports regarding call data; and completing forms relating to computer-

generated metrics.

6.      TL's low salaries and long hours translate into hourly earnings that are little more

than the hourly rate paid to non-exempt ATLs, and in some cases, TLs may even earn less than ATLs

per hour.

7.      TLs do not have the authority to hire, fire, promote, or set employees' rate of pay or

hours of work.

8.      TLs also do not exercise independent judgment or discretion about matters of significance.  Rather, TLs primarily complete routine inspections using detailed forms and applying well-established techniques, procedures, and specific standards.  TLs have no authority to deviate from Sykes's standards and specifications, which are set by individuals at higher levels in the company.  TLs play no role in setting the standards by which quality is measured.

9.      Although the primary purpose of the TL position is neither managerial nor administrative in nature, Sykes classifies all of its TLs as exempt employees and does not pay them overtime.

10.     TLs should be classified as non-exempt from the overtime provisions of FLSA.

11.     Upon information and belief, Sykes applies the same compensation and employment policies, practices, and procedures to all TLs nationwide.

12.     Plaintiff brings this action on behalf of himself and similarly situated current and former TLs who work for Sykes nationwide and who elect to opt-in to this action pursuant to the FLSA, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy Sykes's violations of the wage and hour provisions of the FLSA, which have deprived Plaintiff and other similarly situated employees of their lawfully earned wages.

13.     Plaintiff also brings this action on behalf of himself and all similarly situated current and former TLs who worked in Colorado pursuant to Federal Rule of Civil Procedure 23, to remedy violations of the Colorado Wage Laws.

14.     The statute of limitations for FLSA and state wage and hour claims was tolled on behalf of Plaintiff and similarly situated TLs nationwide by agreement of the parties from February 17, 2016 through April 2, 2017.  The parties entered into a second tolling agreement, tolling the

statute of limitations for FLSA and state wage and hour claims from April 2, 2017 through and including July 14, 2017.

## THE PARTIES

**Plaintiff David Slaughter**

15.     David Slaughter ("Slaughter") is an adult individual who is a resident of La Junta, Colorado.

16.     From approximately November 2014 through approximately May 2015, Sykes employed Slaughter as a TL.

17.     As a TL, Slaughter frequently performed the same functions as Sykes's hourly ATLs, including listening to agents' calls and filling out standardized forms relating to call metrics.

18.     While employed by Sykes, Slaughter routinely worked approximately 60 to 65 hours per workweek.

19.     Pursuant to Sykes's policy and pattern or practice, Sykes did not pay Slaughter overtime pay when he worked as a TL for its benefit in excess of 40 hours in a workweek.

20.     At all relevant times, Slaughter was a covered employee within the meaning of the FLSA.

21.     A written consent form for Slaughter is attached hereto as Exhibit A.

**Defendant Sykes Enterprises, Inc.**

22.     Sykes owns and/or operates 22 call centers in the United States and also employs approximately 7,500 at-home customer contact agents across the United States and Canada.

23.     Sykes is a corporation organized and existing under the laws of Florida, with its North American regional headquarters located in Denver, Colorado.

24.     Upon information and belief, Sykes operates and conducts business in the state of Colorado.

25.     Sykes is a covered employer within the meaning of the FLSA, and, at all times relevant, employed Plaintiff and similarly situated TLs.

26.     At all times relevant, Sykes maintained control, oversight, and direction over Plaintiff and TLs, including timekeeping, payroll, and other employment practices that applied to them.

27.     Sykes applies the same employment policies, practices, and procedures to all TLs—including those who work at home and those who work at Sykes's call centers—including policies, practices, and procedures with respect to the payment of overtime compensation.

28.     Upon information and belief, at all times relevant, Sykes's annual gross volume of sales made or business done was not less than $500,000.00.

## JURISDICTION AND VENUE

29.     Plaintiff brings this action on behalf of himself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b).

30.     This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

31.     Venue is proper in the District of Colorado under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

32.     Upon information and belief, Sykes is subject to personal jurisdiction in Colorado.

33.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## COLLECTIVE ACTION ALLEGATIONS

34.     Plaintiff brings the First Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all similarly situated persons who have worked as TLs at Sykes nationwide on or after February 17, 2013, who elect to opt-in to this action (the "FLSA Collective").

35.     Sykes is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and other similarly situated TLs.

36.     Plaintiff and the members of the FLSA Collective perform or performed the same primary duties.

37.     As part of its regular business practice, Sykes has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the members of FLSA Collective.  This policy and pattern or practice includes, but is not limited to:

> (a)     willfully failing to pay its employees, including Plaintiff and the members of the FLSA Collective, premium overtime wages for hours that they worked in excess of 40 hours per workweek; and

> (b)     willfully misclassifying Plaintiff and the members of the FLSA Collective as exempt from the protections of the FLSA.

38.     Sykes is aware or should have been aware that federal law required it to pay Plaintiff and the members of the FLSA Collective overtime premiums for hours worked in excess of 40 per workweek.

39.     Consistent with Sykes's policy and pattern or practice, Sykes failed to keep accurate records of the hours that Plaintiff and other TLs worked.

40.     Sykes's unlawful conduct has been widespread, repeated, and consistent.

41.     There are many similarly situated current and former TLs who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

42.     Those similarly situated employees are known to Sykes, are readily identifiable, and can be located through Sykes's records.

43.     Notice of this action should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## COLORADO CLASS ACTION ALLEGATIONS

44.     Plaintiff brings the Second Cause of Action, a Colorado claim, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and all others who have worked for Sykes in Colorado on or after February 17, 2013, and the date of final judgment in this matter (the "Colorado Rule 23 Class").

45.     Excluded from the Colorado Rule 23 Class are Sykes, Sykes's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Sykes; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Colorado Rule 23 Class.

46.     The members of the Colorado Rule 23 Class are so numerous that joinder of all members is impracticable.

47.     Upon information and belief, the size of the Colorado Rule 23 Class is at least 50 individuals.  Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within Sykes's sole control.

48.   Sykes has acted or has refused to act on grounds generally applicable to the Colorado Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Colorado Rule 23 Class as a whole.

49.   Common questions of law and fact exist as to the Colorado Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a)   whether *Sykes* violated the Colorado Wage Laws;

(b)   whether Sykes failed to compensate Plaintiff and the Colorado Rule 23 Class for hours worked in excess of 40 hours per workweek;

(c)   whether Sykes misclassified Plaintiff and the Colorado Rule 23 Class; and

(d)   the nature and extent of class-wide injury and the measure of damages for those injuries.

50.   Plaintiff's claims are typical of the claims of the Colorado Rule 23 Class which he seeks to represent.

51.   Plaintiff and all the Colorado Rule 23 Class members work, or have worked, for Sykes as TLs.

52.   Plaintiff and the Colorado Rule 23 Class members enjoy the same statutory rights under the Colorado Wage Laws, including to be paid for all hours worked and to be paid overtime wages.  Plaintiff and the Colorado Rule 23 Class members have all sustained similar types of damages as a result of Sykes's failure to comply with the Colorado Wage Laws. Plaintiff and the Colorado Rule 23 Class members have all been injured in that they have been under-compensated due to Sykes's common policies, practices, and patterns of conduct.

53.   Plaintiff will fairly and adequately represent and protect the interests of the members of the Colorado Rule 23 Class.  Plaintiff understands that as class representative, he

assumes a fiduciary responsibility to the class to represent its interests fairly and adequately. Plaintiff recognizes that as class representative, he must represent and consider the interests of the class just as he would represent and consider his own interests.  Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over the class.  Plaintiff recognizes that any resolution of a class action must be in the best interest of the class. Plaintiff understands that in order to provide adequate representation, he must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial.  Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between Plaintiff and the Colorado Rule 23 members.

54.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the Colorado Rule 23 Class have been damaged and are entitled to recovery as a result of Sykes's violations of the Colorado Wage Laws, as well as their common policies, practices, and procedures.  Although the relative damages suffered by individual Colorado Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  The individual plaintiffs lack the financial resources to conduct a thorough examination of Sykes's compensation practices and to prosecute vigorously a lawsuit against Sykes to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Sykes's practices.

55.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## COMMON FACTUAL ALLEGATIONS

56.     Plaintiff and the members of the FLSA Collective and the Colorado Rule 23 Class (collectively, "Class Members") regularly worked more than 40 hours per week.

57.     Sykes failed to pay Plaintiff and Class Members overtime compensation for hours worked over 40 in a workweek.

58.     Plaintiff's and Class Members' primary duties were routine, non-exempt tasks, including routine inspections of agents' calls to track quality-control metrics using standardized forms provided by Sykes; running routine reports regarding call data; and completing forms relating to computer-generated metrics.

59.     Plaintiff and Class Members' duties did not differ substantially from the duties of non-exempt ATLs.

60.     Plaintiff and Class Members did/do not have the authority to hire, fire, promote, or set employees' rate of pay or hours of work.

61.     Plaintiff and Class Members do not exercise independent judgment or discretion about matters of significance.  Rather, Plaintiff and Class Members primarily complete routine inspections using detailed forms and applying well-established techniques, procedures, and specific standards.

62.     Plaintiff and Class Members play no role in setting the standards by which quality is measured; were not involved in planning Sykes's long or short term business objectives; could not formulate, affect, implement or interpret Sykes's management policies or operating practices; did not carry out major assignments that affected Sykes's business operations; did not have authority to commit Sykes in matters that have significant financial impact; and could not waive

or deviate from Sykes's standards and specifications, which are set by individuals at higher levels in the company.

63.     Sykes did not keep accurate records of hours worked by Plaintiff or Class Members.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiff and the FLSA Collective)

64.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

65.     Sykes has engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective Action Complaint.

66.     Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

67.     At all relevant times, Plaintiff and the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

68.     The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Sykes.

69.     At all relevant times, Sykes has been an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

70.     At all times relevant, Plaintiff and the FLSA Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

71.     At all relevant times, Sykes employed Plaintiff and the FLSA Collective members.

72.     Sykes has failed to pay Plaintiff and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

73.     Sykes's violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional.

74.     Sykes has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and the FLSA Collective.

75.     Because Sykes's violations of the FLSA has been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

76.     As a result of Sykes's willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq.*

77.     As a result of Sykes's unlawful acts, Plaintiff and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recover of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## <u>SECOND CAUSE OF ACTION</u>
## COLORADO WAGE LAWS – UNPAID OVERTIME
### (Brought on behalf of Plaintiff and the Colorado Rule 23 Class)

78.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

79.     Plaintiff brings this count as a Rule 23 class action on behalf of himself and the Colorado Rule 23 Class.

80.     Plaintiff and the Colorado Rule 23 Class are covered by the Colorado Wage Laws including the Colorado Wage Claim Act ("CWCA") C.R.S. § 8-4-101 *et seq.*

81.     At all times relevant, Plaintiff and the Colorado Rule 23 Class members have been "employees" as that term is defined by the CWCA because they performed labor or services for the benefit of Sykes in which Sykes commanded when, where and how much labor or services would be performed.  C.R.S. § 8-4-101(5).

82.     Sykes has been Plaintiff and the Colorado Rule 23 Class members' "employer" within the meaning of the CWCA because it employed Plaintiff and the members of the Colorado Rule 23 Class in Colorado.  C.R.S. § 8-4-101(6).

83.     Sykes engaged in a widespread policy, pattern or practice of violating the Colorado Wage Laws, as described in this Collective and Class Action Complaint.

84.     Sykes violated Colorado law, in relevant part, by failing to pay overtime to Plaintiff and similarly situated employees as required by the Colorado Wage Laws.

85.     The overtime premiums and wages that Sykes denied Plaintiff and the Colorado Rule 23 Class members constitute earned wages or other compensation owed to Plaintiff and the Colorado Rule 23 Class.  C.R.S. § 8-4-109.

86.     Sykes failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and the Colorado Rule 23 Class members, and failed to furnish to each of them their wage and hour records showing all wages earned and due for all work performed for labor or services rendered.

87.     Sykes's violations of the Colorado Wage Laws, as described in this Collective and Class Action Complaint, have been willful and intentional.

88.     Plaintiff sent a written wage demand for unpaid wages and overtime on behalf of himself and the Colorado Rule 23 Class on August 10, 2017.  As of the date of the filing of this

Collective and Class Action Complaint and Jury Demand, Sykes has not made a legal tender of any wages due to Plaintiff.  C.R.S. § 8-4-109(3).

89.    Plaintiff and the Colorado Rule 23 Class members are entitled to recover unpaid wages, penalties, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest, as provided by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

A.    That Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all TLs and similarly situated employees who are presently, or have been at any time from February 17, 2013, employed at Sykes, up through and including the date of this Court's issuance of court-supervised notice.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit;

B.    Certification of the Colorado state law claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procured and Colorado Wage Laws;

C.    Designation of Plaintiff as a Class Representative and counsel of record as Class Counsel;

D.    Unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

E.    Unpaid overtime pay and penalties pursuant to the Colorado Wage Laws;

F.    Prejudgment and post-judgment interest;

G.    A declaratory judgment that the practices complained of herein are unlawful

under the FLSA and the Colorado Wage Laws;

     H.     An injunction requiring Sykes to pay all statutorily required wages and cease the

unlawful activity described herein;

     I.     A reasonable incentive award for Plaintiff to compensate him for the time he

spent attempting to recover wages for FLSA Collective and the Colorado Rule 23 Class members

and for the risks he took in doing so;

     J.     Reasonable attorneys' fees and costs of the action; and

     K.     Such other relief as this Court shall deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

     Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial by jury on all questions of fact

raised by this Complaint.

Dated: August 24, 2017          Respectfully submitted,
                               By:


                               _____/s/ Mary Jo Lowrey____
                               Mary Jo Lowrey
                               Sarah J. Parady
                               **LOWREY PARADY, LLC**
                               1725 N. High Street, Suite 1
                               Denver, Colorado 80218
                               Telephone: (303) 593-2595
                               Facsimile: (303) 502-9119
                               Email: maryjo@lowrey-parady.com
                                                sarah@lowrey-parady.com

                               **OUTTEN & GOLDEN LLP**
                               Justin M. Swartz
                               Melissa Lardo Stewart
                               Cheryl-Lyn Bentley
                               685 Third Avenue, 25th Floor
                               New York, New York 10017
                               Telephone: (212) 245-1000
                               Facsimile: (646) 509-2060

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz
Paolo Meireles
1515 South Federal Highway, Suite 404
Boca Raton, FL 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831

Plaintiff's Address:
David Slaughter
818 Adams Avenue
La Junta, Colorado 81050